**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 5, 2003

Mark E. Herman, Esquire
14 W. Madison Street
Baltimore, Maryland 21201

Michael O'Connor Doyle
Assistant Attorney General
Karl Aram Pothier
Assistant Attorney General
Department of Public Safety & Correctional Services
6776 Reisterstown Road, Suite 313
Baltimore, Maryland 21215

      Subject: Channel Coleman v. State of Maryland, et al.
             Civil No.  L-00-360

Dear Counsel:

    Please be advised that a settlement conference in the above-captioned case has been scheduled for **Monday, May 19, 2003 at 10:00 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is <u>not</u> sufficient.  *See* Local Rule 607.3.  **Please also be advised that the conference may take the entire day.**

    No later than **Monday, May 5, 2003**, I would like to receive from each party a short letter candidly setting forth the following:

    1. Facts you believe you can prove at trial;

    2. The major weaknesses in each side's case, both factual and legal;

    3. An evaluation of the maximum and minimum damage awards you believe likely;

    4. The history of any settlement negotiations to date; and

Letter to Counsel - Channel Coleman v. State of Maryland, et al.
Page Two
March 5, 2003

      5. Estimate of attorney's fees and costs of litigation through trial.

      The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

      The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

      Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

      Very truly yours,

      /s/

      Beth P. Gesner
      United States Magistrate Judge

cc:    Chief Judge Legg
       Court file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)